IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD TERRELL BIHMS, (TDCJ-CID #592046) Petitioner, | § § § § |
| vs. | § CIVIL ACTION H-14-3700 § |
| STATE OF TEXAS, Respondent. | § § § § |

**MEMORANDUM AND OPINION**

Richard Terrell Bihms, an inmate of the Harris County Jail, sued in December 2014, seeking a writ of mandamus against the State of Texas. Bihms seeks an order compelling the respondent to dismiss the criminal charges against him.

The threshold issue is whether this court has jurisdiction to consider Bihms's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

**I.    Procedural History and Background**

Online research reveals that on November 9, 2014, Bihms was charged with aggravated assault of a family member in Cause Number 144785. Bihms seeks to compel the 248th Judicial District Court of Harris County, Texas, to dismiss the criminal charges against him because the indictment was invalid.

**II.   Analysis**

To the extent Bihms seeks a writ of mandamus against the 248th Judicial District Court of Harris County, this court lacks jurisdiction. Federal district courts are courts of limited statutory

jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is 248th Judicial District Court of Harris County, Texas. The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Bihms's request for mandamus relief.

### III. Conclusion

Bihms's petition for a writ of mandamus is DENIED. Any and all remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on ___Jan 7___, 2015.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE